IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LESLIE QUADREL, NICHOLAS )
STEFANOU, SCOTT TULL, )
on behalf of themselves )
and those similarly situated, )
)
      Plaintiffs, )
)
  v. ) Civil Action No. 06-0643
)
GNC FRANCHISING, L.L.C., )
)
      Defendant. )

Gary L. Lancaster,
District Judge.                                      February, 19 2008

## MEMORANDUM ORDER

This is a putative class action alleging breach of a prior class action settlement agreement and tortious interference with contractual relations. Before the court is defendant's motion for reconsideration, [Doc. No. 61]. Also before the court is plaintiff's motion to dismiss individual claims, [Doc. No. 79]. For the reasons set forth below, defendant's motion will be granted, the court's order certifying the class, [Doc. No. 60], will be vacated, Mr. Stefanou's claims will be dismissed with prejudice, and this case will be dismissed for lack of jurisdiction.

I.      BACKGROUND

On January 29, 2007, plaintiffs filed a motion for class certification, [Doc. No. 39]. On March 30, 2007, the court

held a class certification hearing. By order dated November 29, 2007, this court granted plaintiff's motion for class certification, [Doc. No. 60]. In light of the procedural posture of the case at that time, this court certified only Nicholas Stefanou's claims against defendant[1].

On December 10, 2007, defendant filed a motion for reconsideration, [Doc. No. 61]. Defendant seeks to relitigate virtually every aspect of this court's class certification decision, which is inappropriate. Defendant has, however, advised the court of a new fact; namely, that Mr. Stefanou agreed, on November 29, 2007, to settle his claims against defendant in this action and in an action pending against defendant in the United States District Court for the District of New Jersey.

Mr. Stefanou initially denied that he had settled his claims against defendant. See Response to Motion for Reconsideration, [Doc. No. 67]. However, after Mr. Stefanou filed his response with this court and after defendant filed a motion to enforce settlement in the United States District Court for the District of New Jersey, Mr. Stefanou executed the settlement

---

[1] On November 20, 2006, named plaintiffs Chris Gregory and David Adams were dismissed from the action without prejudice. [Doc. Nos. 32, 33]. On May 23, 2007, named plaintiff Scott Tull was dismissed from the action without prejudice. [Doc. No. 50]. On July 10, 2007, plaintiff Leslie Quadrel was dismissed from the action with prejudice. [Doc. No. 57].

agreement. See Status Report, [Doc. No. 76]. Pursuant to the settlement agreement, Mr. Stefanou agreed to release "any and all claims of any kind whatsoever...including but not limited to any class action claims, putative class action claims, or claims that arise out of or relate to agreements between Stefanou and GNC..." Status Report, [Doc. No. 76], at page 7.

II.     STANDARD OF REVIEW

The court of appeals has held that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. V. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985)(citation omitted). "Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties on not free to relitigate issues the court has previously decided." Williams v. City of Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1996).

III.    DISCUSSION

Plaintiff correctly notes that defendant's attempt to relitigate all class certification issues is inappropriate. Defendant has, however, presented incontrovertible evidence that Mr. Stefanou settled his personal and representative claims on the same day this court issued the class certification order. In order to adequately represent the class, the named plaintiff "must be part of the class and possess the same interest and suffer the same

injury as the class members." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 625-26 (1997)(citation and internal quotations omitted). Because Mr. Stefanou has settled his personal and representative claims he is now not an adequate representative as required by Fed.R.Civ.P. 23(a).

Further, plaintiff's reliance on Lusardi v. Xerox Corp., 975 F.2d 964 (3d Cir. 1992), is unavailing. Plaintiff insists that Mr. Stefanou settled his claims against defendant after the issuance of this court's class certification order and, thus, he retains a procedural interest in the litigation sufficient to confer standing upon him. The timing of this court's class certification order is irrelevant, however, because Mr. Stefanou settled all his claims against defendant including those brought as a class representative. In Lusardi, the class representatives, after settling their individual claims, specifically reserved their right to seek class certification. Id. at 969. Here, Mr. Stefanou released his right to remain a part of this action in any capacity. Simply put, to the extent that Mr. Stefanou could have retained any procedural rights, he explicitly waived those rights in the settlement agreement.

Plaintiff has also sought thirty (30) days leave to substitute an additional class representative, [Doc. No. 77]. Defendant opposes the motion, on the basis that plaintiff lacks standing to seek any further relief in this matter. The court

4

agrees. As the court of appeals observed in <u>Lusardi</u>, "Article III [to the United States Constitution] requires that plaintiff's claim be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction." <u>Lusardi</u>, 975 F.2d at 974. In light of the settlement agreement, there is no longer a live claim before the court, and this case must be dismissed for lack of jurisdiction. Plaintiff also seeks to dismiss Mr. Stefanou's individual claims only, with prejudice. In light of the court's decision that Mr. Stefanou no longer has standing to serve as a class representative, this case must be dismissed for lack of jurisdiction.

AND NOW, this ___ day of February, 2008, upon consideration of defendant's motion for reconsideration of this court's November 29, 2007 Order, [Doc. No. 61], it is hereby ORDERED that the motion for reconsideration is GRANTED.

IT IS FURTHER ORDERED THAT this court's order certifying the class, [Doc. No. 60], is hereby VACATED.

IT IS FURTHER ORDERED THAT plaintiff's motion to extend time within which to seek substitute class representative, [Doc. No. 77], is DENIED.

IT IS FURTHER ORDERED THAT plaintiff's motion to dismiss individual claims, [Doc. No. 79], is GRANTED and Mr. Stefanou's individual claims are dismissed, with prejudice.

IT IS FURTHER ORDERED THAT this case is dismissed, for lack of jurisdiction.

_____
Gary L. Lancaster
United States District Court Judge